UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN D. COLLYMORE,<br><br>Plaintiff,<br><br>v.<br><br>SUFFOLK COUNTY SHERIFF DEPT.,<br>MEDICAL DEPT. AT SOUTH BAY, and<br>LEMEL SHATTUCK HOSPITAL<br>Defendants. | Civil Action No.<br>18-11217-NMG |

## MEMORANDUM AND ORDER

**GORTON, D. J.**

For the reasons stated below, the Court allows the motion to proceed *in forma pauperis*, assesses an initial filing fee, and orders plaintiff to file an amended complaint to correct the deficiencies identified herein.

**I.    Background**

On June 11, 2018, *pro se* prisoner plaintiff, Steven D. Collymore, filed this action against the Suffolk County Sherriff's Department, Medical Department at South Bay, and Lemuel Shattuck Hospital ("the Hospital"). The following allegations are summarized from the complaint. Collymore claims that in November 2005 while a prisoner at the Middleton House of Correction, he underwent surgery for a broken humerus bone at the Hospital after an alleged assault by a corrections officer at Suffolk County House of Corrections. At the time, he was informed by Hospital staff that the surgery was a success and the bone would heal over time. However, since then he has been experiencing recurring pain in the injured shoulder. In March 2018, Collymore was incarcerated at Suffolk County House of Correction. Collymore complained of chronic

shoulder pain and was sent for treatment at the Hospital. Collymore was informed by Hospital staff that the bone had, in fact, not healed properly. Plaintiff claims that he was not provided pain medication prescribed by the Hospital, but was provided Tylenol and Motrin which was recently discontinued. Pending before the Court is Collymore's renewed motion to proceed *in forma pauperis*.

II. **Discussion**

   A. <u>Plaintiff's Renewed Motion for Leave to File In Forma Pauperis</u>

Plaintiff's renewed motion for leave to proceed *in forma pauperis* (ECF No. 8) is hereby <u>ALLOWED.</u> Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $84.60.[1] The remainder of the fee, $265.40, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this Order to the Treasurer's Office at the Suffolk County House of Correction, along with the standard Notice to Prison form. Because plaintiff is a prisoner and proceeding *in forma pauperis*, his complaint is subject to screening pursuant to 28 U.S.C. § 1915 and §1915A, and is construed generously. <u>Hughes</u> v. <u>Rowe,</u> 449 U.S. 5, 9 (1980); <u>Haines</u> v. <u>Kerner,</u> 404 U.S. 519, 520 (1972); <u>Instituto de Educacion Universal Corp.</u> v. <u>U.S. Dept. of Education,</u> 209 F.3d 18, 23 (1st Cir. 2000). Plaintiff's claims federal question jurisdiction under 28 U.S.C. §1332 for violation of his civil rights relating to medical malpractice. Accordingly, the court analyzes the claims as a claim brought pursuant to 42 U.S.C. §1983.

   B. <u>The Complaint is Subject to Dismissal.</u>

Plaintiff's claims against the Suffolk County Sheriff's Department, its Medical Department at South Bay, and the Hospital are barred under the doctrine Eleventh Amendment sovereign immunity. "'[A] suit by private parties seeking to impose a liability which must be paid from

---

[1] The calculation was made by taking the prison account history available, 3 months' prior to the filing of the complaint.

public funds in the state treasury is barred by the Eleventh Amendment'" to the United States Constitution. Davidson v. Howe, 749 F.3d 21, 27 (1st Cir. 2014)(quoting Edelman v. Jordan, 415 U.S. 651, 663 (1974). "This is true whether the named defendant is the state itself or... a state official in her official capacity." Id. Moreover, the Commonwealth has not consented to suit under 42 U.S.C. §1983 in its own or the federal courts, see Woodbridge v. Worcester State Hosp., 384 Mass. 38, 44–45 (1981), and Section 1983 does not abrogate a state's immunity from suit in federal court. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). The Suffolk County Sheriff's Department and its Medical Department at South Bay, as arms of the state, are immune from a 42 U.S.C. § 1983 suit under the Eleventh Amendment. Greene v. Cabral, No. CV 12-11685-DPW, 2015 WL 4270173, at *3 (D. Mass. July 13, 2015)(unpublished)("Despite its municipal title, the Suffolk County Sheriff's Department, which oversees the correctional facilities in Suffolk County, is controlled directly by the Commonwealth of Massachusetts and all employees of the Department are employees of the Commonwealth...Massachusetts Sheriff's Departments are therefore considered arms of the state and are entitled to sovereign immunity."); Maraj v. Massachusetts, 836 F. Supp. 2d 17, 32 (D. Mass. 2011)(Suffolk County Sherriff's Department immune from suit under Eleventh Amendment). Similarly, the Hospital enjoys immunity against suits for monetary damages under the Eleventh Amendment. Nobile v. Cousins, C.A. 08-11048, August 11, 2018 Memorandum and Order, ECF No. 81 (Saris, J.)(unpublished)(dismissing Lemuel Shattuck Hospital after finding immune under Eleventh Amendment from 42 U.S.C. §1983 claims). The same is true for injunctive relief where "[s]tates and their agencies are entitled to sovereign immunity 'regardless of the relief sought.'" Poirier v. Mass. Dep't of Corr., 558 F.3d 92, 97 (1st Cir.2009).

Even if the defendants were not immune, the named defendants are not "persons" subject to suit under 42 U.S.C. §1983. Canales v. Gatzunis, 979 F. Supp. 2d 164, 171 (D. Mass. 2013)(Suffolk County Sheriff's Department and employees not "persons" for purposes of a 42 U.S.C. §1983 claim);McGee v. UMass Corr. Health, No. 09-40120-FDS, 2010 WL 3464282, at *4 (D. Mass. Sept. 1, 2010) (Shattuck Hospital is not a "person" under 42 U.S.C. §1983). Accordingly, to the extent plaintiff makes claims under 42 U.S.C. §1983, plaintiff either identifies defendants that are immune from suit for monetary damages or not "persons" under 42 U.S.C. § 1983. While Collymore may be able to identify claims against individuals, he has failed to do so in this complaint, and it is subject to dismissal.

C.     **Collymore must File an Amended Complaint Curing Deficiencies.**

To the extent Collymore wishes to proceed, he must file an amended complaint curing the defects identified herein. Any amended complaint must comply with the basic pleading requirements of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction ... a short and plain statement of the claim showing that the pleader is entitled to relief; and...a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3). This statement must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). It must afford the defendants a "[']meaningful opportunity to mount a defense,' " Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). Similarly, Rule 10 requires that a plaintiff identify all of the defendants in the caption of the complaint, that he state his claims "in numbered paragraphs, each limited as far as practicable to a single set of

circumstances", and that if "doing so would promote clarity, each claim founded on a separate transaction or occurrence...must be stated in a separate count..." Fed. R. Civ. P. 10(a) and (b).

Any amended complaint – a new stand-alone document – must set forth plausible claims upon which relief can be granted. In preparing the amended complaint, Collymore should not set forth his claims in a narrative or letter format. Rather, any amended complaint should, in numbered paragraphs, focus on the legal claims against each defendant, along with the basis for such claims. In other words, Collymore should set forth minimal facts as to who did what to whom, when, where, and why. He should not assert claims collectively against the defendants, but rather should separately parcel out the claims against each defendant, or if appropriate, groups of identified defendants. He also should not assert multiple causes of action against a defendant in one count; rather, he should identify separately each cause of action and the grounds therefore. If an amended complaint is filed, it will be further screened. With respect to exhibits, Collymore is not required to attach exhibits to his amended complaint, but may do so. However, his factual allegations must stand on their own.

### III.   Conclusion and Order

Based on the foregoing, it is hereby Ordered that:

1. Collymore's renewed Motion for Leave to Proceed *in forma pauperis* (ECF No. 8) is <u>ALLOWED.</u> Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $84.60. The remainder of the fee, $265.40, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this Order to the Treasurer's Office at the Suffolk County House of Correction, along with the standard Notice to Prison form.

2. Collymore shall by August 31, 2018, file an amended complaint that cures

the deficiencies identified in this Memorandum and Order.

**SO ORDERED.**

Dated: ~~July~~ Aug. 2, 2018

\_\_\_\_\_/s/ Nathaniel M. Gorton\_\_\_\_\_
UNITED STATES DISTRICT JUDGE